PALGROVE COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 43836.   Promulgated June 13, 1932.

*Harry Levine, Esq.,* for the petitioner.
*J. M. Leinenkugel, Esq.,* for the respondent.

OPINION.

Van Fossan: The petitioner asserts that it and A. Klipstein & Company were affiliated during 1925, pursuant to the provisions of section 240 (c) of the Revenue Act of 1926, which is as follows:

For the purpose of this section two or more domestic corporations shall be deemed to be affiliated (1) if one corporation owns at least 95 per centum of the voting stock of the other or others, or (2) if at least 95 per centum of the voting stock of two or more corporations is owned by the same interests. This subdivision shall be applicable to the determination of affiliation for the taxable year 1925.

During 1925 August Klipstein, Hedwig Klipstein, Louise A. Klipstein and Herbert C. Klipstein owned two-tenths per cent, 25 per cent, 24.9 per cent and 24.9 per cent, respectively, of the stock of A. Klipstein & Company, but held no stock in the petitioner. During the same year August Klipstein, Jr., owned 25 per cent of the stock of the A. Klipstein Company and 98 per cent of the stock of the petitioner. August Klipstein, Jr., had acquired his stock in the petitioner from Ernest C. Klipstein under the contract of December 2, 1922, which provided that Ernest C. Klipstein agreed

to transfer and deliver to A. Klipstein & Company 50 shares of the capital of the petitioner, subject to the conditions stated in paragraph 5 thereof. That paragraph is as follows:

Ernest C. Klipstein, one of the parties of the first part agrees to duly transfer and deliver to said August Klipstein, Jr., 50 shares of the capital stock of Palgrove Company upon the following conditions: (a) Said August Klipstein, Jr., will procure the due transfer and delivery to him from August Klipstein of 50 shares of said Palgrove Company stock; (b) said August Klipstein, Jr., shall have the full voting rights of said 100 shares of said stock for any and all corporate purposes, with the right to take any and all action and any and all steps necessary to procure the assumption by the Palgrove Company of the certain indebtedness of the Manetto Company to A. Klipstein & Company; * * *

The petitioner contends that August Klipstein, Jr., was merely the nominal holder of 98 shares of its stock and that such stock was in reality the property of individual members of the August Klipstein family, who were the stockholders of A. Klipstein & Company. There is nothing in the stipulation to support this theory. At the most August Klipstein, Jr., may have received the 50 per cent of the petitioner's stock from Ernest C. Klipstein for the benefit of the corporation, A. Klipstein & Company, thus contributing to a Class A affiliation under paragraph (1) of subdivision (c), but this the petitioner does not claim. However, there is an express stipulation in the contract of December 2, 1922, that August Klipstein, Jr., should " have the full voting rights of said 100 shares of said stock for any and all corporate purposes." Nor does it appear how, for whose benefit, or for what consideration August Klipstein, Jr., acquired the 50 shares of the petitioner's stock from his father. In the absence of explanatory evidence, we must look to the schedule of stockholdings as it appears from the record.

The petitioner quotes from the stipulation as follows: " During the entire year of 1925 the August Klipstein family, taken as a unit, owned 100 per cent of the capital stock of A. Klipstein & Company and of the Palgrove Company," and asserts that the test of the statute has been met thereby. Whatever the phrase " taken as a unit " may mean, we understand that it imports no more than that the entire stock of A. Klipstein & Company and the petitioner was held within the August Klipstein family. Such a situation alone does not justify affiliation. In *Handy & Harmon* v. *Burnet*, 284 U. S. 136, the Supreme Court said:

It requires no discussion to show that such returns will not make against inequality or evasion unless the same interests are the beneficial owners in like proportions of substantially all of the stock of each of such corporations. * * * Affiliation on any other basis would not make against inequality or evasion. * * *

The phrase " the same interests " is common to section 240 (c) of the Revenue Act of 1926 and section 240 (b) of the Revenue Act of 1918, under which the *Handy & Harmon* case arose. The court does not suggest that " family corporations " are exempt from the application of the above construction of the law. The purpose of section 240 was " to secure substantial equality as between stockholders who ultimately bear the burden." The situation surrounding the ownership of the capital stock of the petitioner and A. Klipstein & Company does not bring it within the rule as above set forth and, therefore, under the authority of *Handy & Harmon* v. *Burnet*, *supra*, we must deny affiliation.

*Decision will be entered for the respondent.*